# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DAVID M. GUILFORD,

        Plaintiff,

vs.

STATE BAR OF CALIFORNIA,

        Defendant.

3:17-cv-00038-RCJ-VPC

**ORDER**

This case involves a constitutional challenge to Defendant State Bar of California's authority to require one of its members, Plaintiff David Guilford, to produce copies of a client file for purposes of Defendant's investigation of a bar complaint filed against Plaintiff. Now pending before the Court is Plaintiff's Ex Parte Motion for Temporary Restraining Order. (ECF No. 3.) For the reasons given herein, Plaintiff's motion is denied.

## I.     FACTS AND PROCEDURAL BACKGROUND

Plaintiff is an attorney residing in Nevada, and licensed to practice law in Nevada and California. (Mot. 5, ECF No. 3-1 at 3.) On January, 11, 2017, Defendant sent a letter to Plaintiff, notifying him that a former client had made a bar complaint against him and requesting information and documents for the ensuing investigation.[1] (*See* Investigation Letter, ECF No. 3-

---

[1] In conjunction with this motion, Plaintiff has requested permission to file Defendant's letter under seal, in order to protect the identity of the complainant. (ECF No. 2.) The Court grants the request.

2.) The letter stated that Plaintiff's client primarily accused him of not completing legal work for which he was paid, and of unlawfully retaining unearned fees and client documents after the representation ended. To further investigate the complaint, Defendant requested certain specified information and "legible copies" of certain documents, including but not limited to a complete copy of the complainant's client file, all retainer agreements and engagement letters with the complainant, and all billing statements provided to the complainant.

Plaintiff received Defendant's letter on January 17, 2017, and promptly filed this action three days later, on January 20. (Mot. 6, ECF No. 3-1 at 4.) Plaintiff now moves for a temporary restraining order ("TRO") to prevent Defendant "from demanding client files" related to the bar complaint. (*Id.* at 5, ECF No. 3-1 at 3.) Plaintiff argues that Defendant's investigative request amounts to a deprivation of his property by the State of California, in violation of his due process rights under the Fifth and Fourteenth Amendments to the U.S. Constitution.

## II.   LEGAL STANDARDS

Under Fed. R. Civ. P. 65(b), a "court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if . . . specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." The Supreme Court has recognized that a TRO is an "extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968 (1997). Accordingly, the standard for obtaining ex parte relief under Rule 65 is very stringent. *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006). The temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a

hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001) ("The standard for issuing a preliminary injunction is the same as the standard for issuing a temporary restraining order."). Over the years, the Ninth Circuit has set forth two separate sets of criteria for determining whether to grant preliminary injunctive relief:

> Under the traditional test, a plaintiff must show: (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases). The alternative test requires that a plaintiff demonstrate either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.

*Taylor v. Westly*, 488 F.3d 1197, 1200 (9th Cir. 2007). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Id.*

The Supreme Court has since reiterated, however, that a plaintiff seeking an injunction must demonstrate that irreparable harm is "likely," not just possible. *Winter v. NRDC*, 555 U.S. 7, 19–23 (2008) (rejecting the Ninth Circuit's alternative "sliding scale" test). Accordingly, the Ninth Circuit has recognized that the "possibility" test was "definitively refuted" in *Winter*, and that "[t]he proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009)

(quoting *Winter*, 129 S.Ct. at 374) (reversing a district court's use of the Ninth Circuit's pre-*Winter*, "sliding scale" standard and remanding for application of the proper standard).

Another Ninth Circuit ruling relying largely on the dissenting opinion in *Winter* parsed the language of *Winter* and subsequent Ninth Circuit rulings and determined that the sliding scale test remained viable when there was a lesser showing of likelihood of success on the merits amounting to "serious questions," but not when there is a lesser showing of likelihood of irreparable harm. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134 (9th Cir. 2011). *Cottrell* presents some difficulty in light of *Winter* and prior Ninth Circuit cases. To the extent *Cottrell*'s interpretation of *Winter* is inconsistent with *Selecky*, *Selecky* controls. *See Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003) (en banc) (holding that, in the absence of an intervening Supreme Court decision, only the en banc court may overrule a decision by a three judge panel). In any case, the Supreme Court stated in *Winter* that "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20 (citing *Munaf v. Geren*, 128 S.Ct. 2207, 2218–19 (2008); *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542 (1987); *Weinberger v. Romero–Barcelo*, 456 U.S. 305, 311–12 (1982)) (emphases added). The test is presented as a four-part conjunctive test, not as a four-factor balancing test, and the word "likely" modifies the success-on-the-merits prong in exactly the same way it separately modifies the irreparable-harm prong. S*ee id.* at 20, 22. In dissent, Justice Ginsburg opined that she did not believe the Court was abandoning the rule that it was permissible to "award [preliminary injunctive] relief based on a lower likelihood of harm when the likelihood of success is very high." *Id.* at 51 (Ginsburg, J., dissenting). But Justice Ginsburg, like the majority, did not address whether she believed relief could be granted when the chance of success was less than likely. A

"lower likelihood" is still some likelihood. We are left with the language of the test, which requires the chance of success on the merits to be at least "likely."

In summary, to satisfy *Winter*, a movant must show that he is "likely" to succeed on the merits. According to a layman's dictionary, "likely" means "having a high probability of occurring or being true." Merriam-Webster Dictionary, http://www.merriam-webster.com/dictionary/likely. Black's defines the "likelihood-of-success-on-the-merits test" more leniently as "[t]he rule that a litigant who seeks [preliminary relief] must show a reasonable probability of success . . . ." Black's Law Dictionary 1012 (9th ed. 2009). The Court must reconcile the cases by interpreting the *Cottrell* "serious questions" requirement to be in harmony with the *Winter*/*Selecky* "likelihood" standard, not as being in competition with it. "Serious questions going to the merits" must therefore mean that there is at least a reasonable probability of success on the merits. "Reasonable probability" appears to be the most lenient position on the sliding scale that can satisfy the requirement that success be "likely."

### III.  ANALYSIS

The Court finds several reasons to deny Plaintiff's ex parte motion for a TRO. For example, Plaintiff has not followed the proper procedure. Rule 65 permits the Court to issue a TRO without notice to Defendant *only if* (1) Plaintiff sets forth "specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition"; and (2) Plaintiff "certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). Here, Plaintiff has not offered any affidavit or verified complaint; neither his complaint nor any motion filing is sworn under penalty of perjury. This deficiency alone prevents the Court from issuing the TRO Plaintiff requests.

/ / /

In addition, Plaintiff has failed to state a sufficient reason why notice to Defendant should not be required in the circumstances presented here. Ex parte relief is generally appropriate where notice to the non-movant would likely result in the non-movant taking some action that would in turn cause irreparable harm to the movant. Plaintiff has not provided any reason to believe that Defendant, if notified of Plaintiff's request for preliminary injunctive relief, would take any further action to harm Plaintiff. Defendant's letter to Plaintiff indicates only that Plaintiff's failure to comply with the information and document request by January 25, 2017, may result in the issuance of a subpoena duces tecum. (Investigation Letter 2, ECF No. 3-2.) However, the mere issuance of a subpoena for the production of the requested documents would not, by itself, cause Plaintiff irreparable injury. Therefore, Plaintiff has not demonstrated that he will suffer irreparable harm in the event he refuses to comply with Defendant's request to produce complainant's file on or before January 25, 2017, and thus has not established a reason for granting relief ex parte.

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to File Under Seal (ECF No. 2) is GRANTED. Plaintiff has already filed the applicable documents under seal so no further action is required of the Clerk of the Court.

IT IS FURTHER ORDERED that Plaintiff's Ex Parte Motion for Temporary Restraining Order (ECF No. 3) is DENIED.

IT IS SO ORDERED this 25th day of January, 2017.

_____
ROBERT C. JONES
United States District Judge