**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DAVID M. GUILFORD,<br><br>   Plaintiff,<br><br>vs.<br><br>STATE BAR OF CALIFORNIA,<br><br>   Defendant. | 3:17-cv-00038-RCJ-VPC<br><br>**ORDER** |

   This case involves a constitutional challenge to Defendant State Bar of California's authority to require one of its members, Plaintiff David Guilford, to produce copies of a client file for purposes of Defendant's investigation of a bar complaint filed against Plaintiff. Now pending before the Court is Plaintiff's Motion for Preliminary Injunction. (ECF No. 4.) For the reasons given herein, Plaintiff's motion is denied.

   Plaintiff is an attorney residing in Nevada, and licensed to practice law in Nevada and California. (Mot. 5, ECF No. 4-1 at 3.) On January, 11, 2017, Defendant sent a letter to Plaintiff, notifying him that a former client had made a bar complaint against him and requesting information and documents for the ensuing investigation. (*See* Investigation Letter, ECF No. 4-2.) The letter stated that Plaintiff's client primarily accused him of not completing legal work for which he was paid, and of unlawfully retaining unearned fees and client documents after the representation ended. To further investigate the complaint, Defendant requested certain specified

information and "legible copies" of certain documents, including but not limited to a complete copy of the complainant's client file, all retainer agreements and engagement letters with the complainant, and all billing statements provided to the complainant.

Plaintiff received Defendant's letter on January 17, 2017, and promptly filed this action three days later, on January 20. (Mot. 6, ECF No. 4-1 at 4.) Plaintiff now moves for a preliminary injunction to prevent Defendant "from demanding client files" related to the bar complaint. (*Id.* at 5–6.) Plaintiff argues that Defendant's investigative request amounts to a deprivation of his property by the State of California, in violation of his due process rights under the Fifth and Fourteenth Amendments to the U.S. Constitution.

However, it appears the Court lacks jurisdiction to grant the relief Plaintiff requests, or to hear this case. Plaintiff has alleged constitutional violations against the California State Bar as sole defendant. The State Bar is entitled to Eleventh Amendment Immunity. "It is well established in the Ninth Circuit that the State Bar is an arm of the State of California for Eleventh Amendment purposes." *Albert v. State Bar of California*, No. SACV141905DOCANX, 2015 WL 12683802, at *8 (C.D. Cal. Mar. 27, 2015) (citing multiple cases). "The Eleventh Amendment bars suits which seek *either damages or injunctive relief* against a state, an 'arm of the state,' its instrumentalities, or its agencies." *Durning v. Citibank, N.A.*, 950 F.2d 1419, 1422–23 (9th Cir. 1991) (emphasis added) (where plaintiff alleged constitutional violations under 42 U.S.C. § 1983).

Therefore, Plaintiff's motion for preliminary injunction is denied, and Plaintiff is ordered to show cause why this case should not be dismissed in its entirety based on Defendant's Eleventh Amendment immunity.

/ / /

/ / /

**CONCLUSION**

IT IS HEREBY ORDERED that the motion (ECF No. 4) is DENIED.

IT IS FURTHER ORDERED that Plaintiff shall file, within twenty-one days (21) of this order, a memorandum of points and authorities showing cause why this action should not be dismissed.

IT IS SO ORDERED.
DATED: This 23rd day of May, 2017.

_____
ROBERT C. JONES
United States District Judge